IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARA SIMMS-JOHNSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 10 C 548 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| ILLINOIS DEPARTMENT OF HUMAN | ) |
| SERVICES, et al. and AFSCME COUNCIL 31 | ) |
| UNION LOCAL 2806, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Clara Simms-Johnson ("Simms-Johnson"), now proceeding *pro se*, filed an employment discrimination suit against the Illinois Department of Human Services ("IDHS") and AFSCME Council 31 Union Local 2806 ("AFSCME") (collectively "Defendants"). Simms-Johnson's "Corrected Third Amended Complaint" alleges that she was improperly discharged from her job as a Human Services Caseworker. She brings claims against the Defendants under Title VII, the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. §§ 1981 and 1983. IDHS moves to dismiss the claims brought under 42 U.S.C. §§ 1981 and 1983 because it is not a "person" under these statutes. AFSCME moves to dismiss all of Simms-Johnson's claims under Rule 12 for lack of jurisdiction and failure to state a claim upon which relief can be granted. For the reasons stated below, the Court grants IDHS' Partial Motion to Dismiss and grants AFSCME's Motion to Dismiss.

**BACKGROUND**

Simms-Johnson was a Human Services Caseworker with the IDHS from January 16, 2008

to May 14, 2008. (Corrected Third Am. Compl. ¶¶ A, 4.) Upon starting the job on January 16, 2008, Simms-Johnson was to work as a probationary employee. (Corrected Third Am Compl. ¶ J.) Simms-Johnson claims that she received a lower salary than the amount she deserved under the collective bargaining agreement ("CBA") because of her race and age. (Corrected Third Am. Compl. ¶ C.) IDHS apparently classified Simms-Johnson as an "emergency" employee based on her employment status in her previous job, and as a result she did not fall under the collective bargaining agreement. (Corrected Third Am. Compl. ¶ 3.) Simms-Johnson alleges that she was discharged on May 14, 2008 in retaliation for writing a May 9, 2008 letter complaining of IDHS's discriminatory actions. She then turned to AFSCME for representation, but did not receive help because she was only a probationary employee. (Corrected Third Am. Compl. ¶¶ 8, 13.)

Simms-Johnson filed a Complaint against IDHS and Michelle Saddler, the Secretary of IDHS, on January 27, 2010. She filed an Amended Complaint against IDHS, Saddler, and AFSCME on February 8, 2010. She also filed her Third Amended Complaint on July 1, 2010, and a "Corrected" Third Amended Complaint on July 2, 2010 against defendants IDHS and AFSCME.

While Simms-Johnson is now proceeding *pro se*, that was not always the case. The Court provided her appointed counsel on February 8, 2010, and appointed counsel filed their appearance on February 16, 2010. (R. 6, 9, 10.) At a status hearing June 24, 2010, this Court granted appointed counsel's motion to withdraw from the case because of an irreconcilable conflict over how Simms-Johnson's case should proceed. While being represented by counsel, Simms-Johnson filed her Second Amended Complaint without consulting counsel, and counsel advised her that, based on their assessment of the facts of the case and federal pleading procedures, she should file instead their proposed second complaint, which would not include claims against AFSCME. (R.31.)

2

Specifically, Simms-Johnson stated at the status hearing that her counsel "asked that I dismiss Title VII discrimination against AFSCME" but she decided to file her Second Amended Complaint anyway.[1] Based on this conflict the Court granted counsel's motion to withdraw. Simms-Johnson later received another appointed attorney, but on October 12, 2010 the Court also granted this counsel's motion to withdraw for similar reasons—Simms-Johnson failed to "agree[] with the legal advice" of counsel. Simms-Johnson went forward *pro se* and filed subsequent amended complaints, including the most recent Corrected Third Amended Complaint.

## STANDARD OF REVIEW

*Pro se* complaints should be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.*

---

[1] At the status hearing the Court noted that "appointed counsel does not want [Simms-Johnson] to file against AFSCME and does not want [Simms-Johnson] to file the Title VII case on gender," but Simms-Johnson "want[s] those to be filed."

**DISCUSSION**

Simms-Johnson's Corrected Third Amended Complaint asserts a variety of claims but does not distinguish specifically which claims apply to the IDHS and which ones apply to AFSCME. On the form Complaint Simms-Johnson put a check in the following boxes: (1) "Age (Age Discrimination Employment Act)"; (2) "Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981)"; and (3) "Sex (Title VII of the Civil Rights Act of 1964)." A later question also noted that (4) she experienced discrimination based on race under 42 U.S.C. § 1983. Finally, she claimed (5) retaliation under Title VII.

First, as to the IDHS, Simms-Johnson claims discrimination in violation of the ADEA, Title VII (race, sex, and retaliation), and 42 U.S.C. §§ 1981 and 1983. Second, as to AFSCME, Simms-Johnson also claims discrimination in violation of the ADEA and Title VII (race, sex, and retaliation). But she cannot assert a Section 1983 action against AFSCME, which is a labor union and private party—Section 1983 claims apply only to alleged constitutional violations by state actors. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 817-18 (7th Cir. 2009) (unions are private actions and therefore not valid Section 1983 claim). As a result, in addition to the ADEA and Title VII claims, Simms-Johnson also asserts a Section 1981 claim against AFSCME.

**I.      AFSCME's Motion to Dismiss**

AFSCME claims that the Court should dismiss Simms-Johnson's Corrected Third Amended Complaint for lack of subject matter jurisdiction because Simms-Johnson has failed to file suit against AFSCME within 90 days of receiving the right-to-sue letter from the EEOC. In the alternative, AFSCME contends that Simms-Johnson does not allege sufficient facts to state a claim against the union under Title VII.

4

### A. Suing Within 90-Days of Receiving Right-to-Sue Letter: ADEA and Title VII Claims

ADEA and Title VII claims must be filed in federal court within 90 days of the defendant receiving the right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626; *Prince v. Stewart*, 580 F.3d 571, 573 (7th Cir. 2009). Simms-Johnson admits that she received the right-to-sue letter on November 4, 2009. She filed the original Complaint within the 90-day window, on January 27, 2010, against IDHS and Michelle Saddler, Director of IDHS. Simms-Johnson did not add AFSCME as a party until she filed her Amended Complaint on February 8, 2010, which is 96 days after receipt of the right-to-sue letter. As such, Simms-Johnson's Title VII and ADEA claims against AFSCME are time-barred and therefore invalid unless they relate back to the filing of the original Complaint.

Under Rule 15(a), generally courts freely allow the plaintiff leave to amend the complaint. *Woods v. Indiana Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 883 (7th Cir. 1993). The addition of a new party after the 90-day time period is valid only if the meets the requirements of Rule 15(c). First, the allegations against the new party must arise out of the "conduct, transaction, or occurrence" set forth in the original Complaint. FED. R. CIV. P. 15(c)(1)(C). This requirement is met here. The original Complaint alleges that IDHS deprived Simms-Johnson of a certain wage level and eventually dismissed her for discriminatory reasons, and the claim against AFSCME involves failing to represent Simms-Johnson in filing a grievance as a result of the May 2008 termination.

Second, within the time period set forth in Rule 4(m)—120 days—the new party must have received notice of the action so they do not suffer prejudice in defending the allegations and "knew

5

or should have known" that the action would be brought against them "but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C)(i)-(ii). *See, e.g., Graham v. Gendex Medical X-Ray, Inc.*, 176 F.R.D. 288, 290-91 (N.D. Ill. Nov. 13, 1997) (Norgle, J.) (applying Rule 15(c) to new party added after 90-day window passed).

Here, the original Complaint was filed on January 27, 2010, and the Amended Complaint on February 8, 2010, which is easily within the 120-day window. Further, Simms-Johnson named AFSCME in the EEOC charge, so AFSCME was on notice that, but for a mistake, Simms-Johnson would bring an action against it. *Maxey v. Thompson*, 680 F.2d 524, 526 (7th Cir. 1982) (new party named in EEOC charge but not in original complaint had notice that it could be sued so amended complaint related back to original complaint); *see, e.g., Momot v. Champion Tech.*, No. 98 C 2364, 2000 WL 528482, at *2-3 (N.D. Ill. April 26, 2000) (Williams, J.) (EEOC charge alerted defendant that "but for" a mistake it was the proper party); *Graham*, 176 F.R.D. at 290-91 (amended complaint adding new party that was named in EEOC charge but not in the original, timely complaint related back). AFSCME was put on notice of an impending lawsuit because it was listed as a defendant in the EEOC charge. It was aware that, but for a mistake by Simms-Johnson, who is proceeding *pro se*, it would be a defendant in this lawsuit. Similarly, because AFSCME was on notice from the very beginning that it was a potential party in the lawsuit, it had the opportunity to "head off any potential lawsuit by settling the case." *Graham*, 176 F.R.D. at 291; *Maxey*, 680 F.2d at 526. As a result, it is clear that AFSCME is not prejudiced by Simms-Johnson adding it as a party to her Amended Complaint.

Finally, it is an established rule that Rule 15(c) may be used to "correct a misnomer of a defendant where the proper defendant is already before the court" but not to substitute or add a new

6

defendant after the statute of limitations has run. *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1996). Although courts have not allowed relation back where plaintiffs have tried to add new parties after the limitations period, this result can justified by the rationale that competent counsel made a strategic decision not to pursue a claim against a certain defendant. *See, e.g., Hall v. Norfolk Southern Ry. Co.*, No. 02 CV 41, 2002 WL 32334819, at *4 (N.D. Ind. May 24, 2002) (no relation back because "mistake" refers to a misnomer, not counsel's failure to bring suit against a defendant despite knowledge of defendant's existence and role in the case); *Adeniji v. Alexian Brothers Health Sys.*, No. 04 C 5775, 2005 WL 1500881, at *2 (N.D. Ill. June 15, 2005) (Bucklo, J.) (ultimately allowing plaintiff to amend complaint to substitute the correct defendant so the case could move forward on the merits, but acknowledging that counsel's decision to not bring suit against a particular defendant does not constitute "mistake" under Rule 15(c)). Given Simms-Johnson's *pro se* status, the Court views her allegations liberally and applies the federal rules to pleadings so that cases are decided on the merits and not discarded on procedural technicalities. *Woods*, 996 F.2d at 883.

In sum, there is no doubt that AFSCME had notice that it could potentially be a defendant in Simms-Johnson's suit, as it was named as a party in the EEOC charge. The Amended Complaint that named AFSCME was not filed long into the case—in fact, less than two weeks after the original complaint. The Court finds that although the Amended Complaint was filed beyond 90 days after the EEOC issued the right-to-sue letter, it relates back to the original Complaint under Rule 15(c), which was timely filed. Accordingly, AFSCME's Motion to Dismiss based on lack of jurisdiction is denied.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

In the alternative, AFSCME claims that Simms-Johnson's allegations fail to establish that AFSCME refused to represent Simms-Johnson in her dispute with IDHS on the basis of her race, sex, or age. Although Simms-Johnson's Corrected Third Amended Complaint does not specifically delineate the causes of action she seeks to pursue, a lenient reading of the Corrected Third Amended Complaint demonstrates she alleges that AFSCME has denied providing her representation in filing a grievance against the IDHS. Simms-Johnson claims that AFSCME is liable under Title VII for denying representation based on her race and sex; under the ADEA for denying representation based on her age; and under Section 1981. Because the analysis deciding whether a union discriminated is similar for the Title VII, ADEA, and § 1981 claims, the Court will analyze these together. *Eiland v. Trinity Hosp.*, 150 F.3d 747, 750 (7th Cir. 1998) ("[W]e analyze both § 1981 and Title VII discrimination claims in the same manner.").

#### 1. Title VII, ADEA, and Section 1981 Claims

A Title VII claim against a union requires that plaintiff satisfy three elements, by a preponderance of evidence: (1) the employer violated the collective bargaining agreement between the union and employer; (2) the union breached its own duty of fair representation by not addressing the breach; and (3) some evidence shows an animus against the protected class. *Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 866-67 (7th Cir. 1997); *Bugg v. Int'l Union of Allied Indus. Workers of America, Local 507 AFL-CIO*, 674 F.2d 595, 599 n.5 (7th Cir. 1982).

First, the Court is unable to make the determination that IDHS breached the CBA because it does not have the benefit of being able to access the terms of the CBA. *See, e.g., Giwa v. Copmea*, No. 09-cv-1312, 2010 WL 2635775, at 5 (C.D. Ill. June 28, 2010) (not having CBA at motion to

8

dismiss stage precluded court from determining whether allegations constituted breach of CBA). This does not affect the overall analysis, however, because the Court finds that the other two elements necessary to state a claim against a union—breach of duty of fair representation and racial animus—are not sufficiently pled.

Second, where, as here, the plaintiff in a Title VII suit against her union is an Illinois public employee, "Illinois' public sector labor law, rather than the federal labor law, applies to the question of whether the union breached its duty of fair representation." *See, e.g., Giwa*, 2010 WL 2635775, at *4. In other words, state law, not federal law, defines the extent of the union's duties. *See, e.g., Rodriguez v. Ramsey*, No. 03 C 2920, 2007 WL 141910, at *2 n.2 (N.D. Ill. Jan. 17, 2007 (Zagel, J.) (complaint invalid by only asserting that union did not pursue grievances). Under Illinois law, the test is that labor unions must avoid "intentional misconduct in representing employees." 5 ILCS 315/10; *see, e.g., Porter v. Rohan*, No. 01 C 6992, 2003 WL 548396, at *12 (N.D. Ill. Feb. 25, 2003) (Holderman, J.). Here, Simms-Johnson only claims that AFSCME "denied [her] representation." (Corrected Third Am. Compl. ¶¶ 10-18.) This conclusory assertion does not state a claim. While AFSCME asserts that it had no duty to represent Simms-Johnson because she was a probationary employee, Simms-Johnson provides no facts to the contrary. Specifically, AFSCME examined Simms-Johnson's allegations against IDHS and responded that her probationary status barred her from being able to receive representation. This undermines any contention that AFSCME "intentionally" did not represent Simms-Johnson. Alleging that AFSCME simply "denied [her] representation," without noting any other factual support, does not meet the second element.

The third element—discriminatory animus— fails to similar reasons. Simms-Johnson claims that AFSCME did not represent her because of her race, sex, or age. Discriminatory animus is

9

established by showing that "grievances from similarly situated" members were treated more favorably than the plaintiff's grievance. *See, e.g., Brown v. Amer. Fed'n of State, County and Municipal Employees Union*, No. 02 C 852, 2004 WL 1879942, at *3 (N.D. Ill. Aug. 11, 2004) (Darrah, J.) (quoting *Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 542 (7th Cir. 1987)). Like in *Greenslade*, Simms-Johnson cannot identify other similarly situated employees who received more favorable treatment from AFSCME. *Greenslade*, 112 F.3d at 867 (no prima facie sex discrimination claim because no similarly situated members were presented to show discriminatory animus). Because Simms-Johnson fails to satisfy the second and third elements of the *Greenslade* test, the Court grants AFSCME's Motion to Dismiss the Title VII, ADEA, and § 1981 claims against it.

Finally, Simms-Johnson claims that AFSCME refused to represent her because she made complaints about age discrimination to the IDHS. For a retaliation claim, Simms-Johnson must show that (1) she engaged in activity protected by Title VII, (2) AFSCME retaliated against her in some way, such as breaching its duty of fair representation, and (3) AFSCME caused her harm. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000). As already noted, a union breaches its duty of fair representation, which Simms-Johnson alleges here, when it acts intentionally in an arbitrary or discriminatory way. In this case, Simms-Johnson engaged in a protected activity, but there is no basis to find that AFSCME retaliated against her as a result of this. *See, e.g., Basken v. Prof'l Transit Mgmt. of Racine, Inc.*, No. 06 C 1094, 2008 WL 819022, at *1 (E.D. Wis. Mar. 25, 2008) (no retaliation because plaintiff presented no evidence that union acted in bad faith or in a discriminatory way). The same analysis above applies here—Simms-Johnson

cannot point to any facts undermining AFSCME's good faith refusal to represent her because she was only a probationary employee. Simms-Johnson's retaliation claim is therefore dismissed.

## II. IDHS' Motion to Strike and/or Dismiss

IDHS moves to dismiss Simms-Johnson's 42 U.S.C. §§ 1981 and 1983 claims, as IDHS is not a "person" under either statute. In the alternative, IDHS claims that it is immune to Section 1981 and 1983 under the Eleventh Amendment. Finally, IDHS contends that the Court should strike Simms-Johnson's request for punitive damages under 42 U.S.C. § 1981a(b)(1).

### A. IDHS Not "Person" Under Section 1983 and Application of Eleventh Amendment

A state, and its agencies, are not "persons" within the meaning of Section 1983 and therefore such an action against an agency affiliated with the state is invalid. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). For example, a suit brought against the Illinois Department of Natural Resources under Section 1983 was "properly dismissed" on this basis. *Illinois Dunesland Pres. Soc'y v. Illinois Dep't of Natural Resources*, 584 F.3d 719, 721 (7th Cir. 2009). Here, the Illinois Department of Human Services is clearly a state agency, as consequently not a person under Section 1983.

IDHS' alternative argument that the Eleventh Amendment bars the IDHS, as a state agency, from being sued in federal court is equally persuasive. "A state and its agencies are immune from private lawsuits seeking damages or injunctive relief in federal court unless by express and unequivocal language the state waives, or Congress abrogates, the state's Eleventh Amendment Immunity." *See, e.g., Job v. Illinois Dep't of Human Servs.*, No. 08 C 3838, 2009 WL 255596, at *4 (N.D. Ill. Feb. 2, 2009) (Conlon, J.); *Kroll v. Bd. of Trs. of Univ. of Illinois*, 934 F.2d 904, 907

(7th Cir. 1991). IDHS is a state agency and Illinois has not waived Eleventh Amendment immunity for Section 1981 or 1983 claims. *See Kroll*, 934 F.2d at 907("[s]tate agencies are treated the same as states"); 745 ILCS 5/1. IDHS is therefore immune under the Eleventh Amendment, as many other courts have also found. *See, e.g., Job*, 2009 WL 255596, at 4 (IDHS immune from Section 1981 and 1983 claims); *Gomez v. Illinois Dep't of Human Servs.*, No. 05 C 6719, 2006 WL 2560847, at *1 (N.D. Ill. Aug. 31, 2006) (Andersen, J.) (same); *Bottoms v. Illinois Dep't of Human Servs.*, No. 03 C 1881, at *2-3 (N.D. Ill. June 22, 2004) (Plunkett, J.) (same). The Court therefore grants IDHS' Motion to Dismiss the Section 1981 and 1983 claims against it.

  **B.**  **Striking Punitive Damages Under 42 U.S.C. § 1981a(b)(1)**

Simms-Johnson cannot recover punitive damages for the Title VII claim against IDHS. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference.") (emphasis added). Government agencies, such as IDHS, are therefore exempted from this provision, which provides punitive damages only to non-governmental agencies. *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997). The Court grants IDHS' Motion to Strike portions of the Corrected Third Amended Complaint requesting punitive damages.

**CONCLUSION AND ORDER**

For these reasons, the Court grants AFSCME's Motion to Dismiss the Title VII, Section 1981, and ADEA claims. The Court also grants both IDHS' Motion to Dismiss the Section 1981 and 1983 claims against it and IDHS' Motion to Strike Simms-Johnson's request for punitive damages.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 2, 2010