# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 548 | **DATE** | 7/18/2011 |
| **CASE TITLE** | Simms-Johnson vs. Department of Human Services et al | | |

**DOCKET ENTRY TEXT**

The Court therefore grants in part and denies in part the IDHS's Motion to Dismiss. Simms-Johnson's Title VII and ADEA claims remain but the § 1981 and § 1983 claims are dismissed with prejudice.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Clara Simms-Johnson ("Simms-Johnson"), proceeding *pro se*, brought an employment discrimination suit against her former employer, the Illinois Department of Human Services ("IDHS") and the union, AFSCME Council 31 ("AFSCME"). The Court dismissed AFSCME from the case and only the IDHS remains. Simms-Johnson alleges race and age discrimination as well as retaliation in violation of Title VII and the Age Discrimination in Employment Act. The IDHS moves to dismiss Simms-Johnson's Fifth Amended Complaint for failing to make a "short and plain statement" of her claims as Rule 8(a) requires. In the alternative, the IDHS moves to dismiss any claims brought under 42 U.S.C. § 1981 and § 1983 because the IDHS is not a "person" capable of being sued under § 1983 and the Eleventh Amendment provides the IDHS immunity from claims under both statutes. For the following reasons, the Court grants in part and denies in part the IDHS's Motion to Dismiss.

To state a claim upon which relief can be granted, "[d]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. "Not only is the district court to view the *pro se* complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

**I.   Rule 8(a)**

Under Rule 8(a), a valid complaint must contain a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). The IDHS claims that the Fifth Amended Complaint, which is about 20-

pages long and contains legal argument and extraneous allegations, is incomprehensible. Because Simms-Johnson has been unable to produce a coherent complaint after receiving numerous chances, the IDHS argues that the Court should dismiss the case with prejudice. Dismissal with prejudice under Rule 8(a) is reserved for pleadings so redundant and confusing that they obfuscate plaintiff's claim for relief. *See, e.g., U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 379 (7th Cir. 2003) (400-paragraph complaint spanning 155 pages and containing 99 attachments was intelligible and therefore proper to dismiss with prejudice); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (extraneous and ambiguous material in complaint does not doom the claim if, despite these defects, defendants are put on notice to the nature of the claim); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) (dismissal with prejudice is the exception, not the rule, and appropriate in extreme cases, such as where the complaint is 600 paragraphs spanning 240 pages and fails to state a comprehensible claim for relief).

A valid employment discrimination claim need only specify an adverse action that occurred because of the plaintiff's protected status. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007). Simms-Johnson's *pro se* Fifth Amended Complaint is unwieldy and repetitive in places. But these shortcomings do not overshadow the fact that Simms-Johnson alleges that the IDHS paid her a lower rate and fired her based on her race, gender, and age. The firing occurred as retaliation for complaints she made about receiving harassment and inferior pay. Simms-Johnson's allegations put the IDHS on sufficient notice and do not warrant dismissal with prejudice under Rule 8(a).

## II. Section 1981 and 1983 Claims, Punitive Damages

The precise nature of Simms-Johnson's 42 U.S.C. § 1981 and § 1983 claims is unclear from the Fifth Amended Complaint. In any event, the Court dismissed these claims in its December 2, 2010 order and after having an opportunity to amend her complaint and present legal argument in her brief, the conclusion and reasoning of that order stand. The Court will briefly summarize its analysis in the December 2 order, which fully applies here. First, the IDHS is a state agency, and as such is not a "person" amenable to suit under § 1983. *Illinois Dunesland Preservation Soc'y v. Ill. Dep't of Natural Resources*, 584 F.3d 719, 721 (7th Cir. 2009). On this basis alone Simms-Johnson's § 1983 claim cannot survive. In addition, both the § 1981 and § 1983 claim fail for the additional reason that as a state agency the IDHS is immune from liability under the Eleventh Amendment. *Kroll v. Bd. of Tr. of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). The Court therefore grants IDHS's Motion to Dismiss these claims with prejudice.

In the December 2010 order the Court also granted IDHS's Motion to Strike Simms-Johnson's request for punitive damages. To the extent that Simms-Johnson's Fifth Amended Complaint continues to assert punitive damages the Court strikes that reference with prejudice. Punitive damages are available only against non-governmental agencies, not a state agency like the IDHS. 42 U.S.C. § 1981a(b)(1); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997).

The Court therefore grants in part and denies in part the IDHS's Motion to Dismiss. Simms-Johnson's Title VII and ADEA claims remain but the § 1981 and § 1983 claims are dismissed with prejudice.